FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE ALBRIGHT; RLA, a minor; and RDA, a minor,<br><br>                 Plaintiffs,<br><br>    v.<br><br>GABRIELLE C. ROTH, MATTHEW ALBRIGHT, and WINSTON & CASHATT PSC,<br><br>                 Defendants. | No.   2:20-cv-00443-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants Gabrielle C. Roth and Winston & Cashatt, PSC's Motion to Dismiss, ECF No. 9, and Defendant Matthew Albright's (collectively, "Defendants") motion for joinder, ECF No. 10. Defendants argue this Court should dismiss Plaintiffs' Complaint with prejudice because it lacks jurisdiction and Plaintiffs fail to state a claim upon which relief can be granted. *See generally* ECF Nos. 9, 10, 12 & 13. This Court agrees it lacks subject matter jurisdiction and therefore dismisses Plaintiffs' Complaint.

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 1

# BACKGROUND

The Court finds Defendants motion to dismiss provides an accurate description of the facts alleged in Plaintiffs' Complaint and sets them forth fully herein:

The following recitation of facts are drawn from Plaintiffs' Complaint.

**A. State Court Dissolution Action.**

In Spokane Superior Court Cause No. 19-3-01343-32, Nicole and Matthew Albright sought to dissolve their marriage and adjudicate related issues, including child custody. Matthew filed a petition for legal separation on or about June 4, 2019. ECF No. 1 at ¶ 22. In support of his petition, Matthew submitted a number of declarations signed by Nicole's family members. *Id.* at ¶¶ 24, 27.

On July 28, 2020, "an agreed CR 35 order [requiring Nicole to submit to a psychiatric examination] was entered." *Id.* at ¶ 63. *See also id.* at ¶ 66 ("Nicole's lawyer consented to a CR 35 Order."). Nicole's attorney later filed a "motion to quash the CR 35 Order." *Id.* at ¶ 73. Pursuant to the agreed-upon order, Nicole allegedly scheduled a psychiatric appointment and "paid the psychiatrist over $3,000." *Id.* at ¶¶ 71-72. Nicole's attorney later filed a motion to quash the Order re: CR 35 exam (which he had previously stipulated to). *Id.* at ¶ 73. (The Complaint does not allege facts concerning whether the superior court heard Nicole's motion to quash, and, if so, the outcome.)

On or about November 2, 2020, a child custody dispute arose between Matthew and Nicole. *Id.* at ¶ 75. Matthew sought an immediate restraining order, with Matthew's counsel, Roth, allegedly giving Nicole's attorney only 30 minutes notice of the hearing re: restraining order. *Id.* at ¶¶ 76-77. At the same time, Roth filed an amended parenting plan. *Id.* at ¶ 85. The temporary restraining order was entered on November 6, 2020. *Id.* at ¶ 78. The TRO required that it be reviewed on November 13, 2020. *Id.* at ¶ 80. On November 13, 2020, the superior court continued the review of the TRO to December 11, 2020 over Nicole's counsel's objection. *Id.* at ¶¶ 82-83. At some point in time, allegedly without notice to Nicole's counsel, the superior court entered an order re: amended parenting plan. *Id.* at ¶¶ 85-86. The entry of the

order re: amended parenting plan allegedly deviated from the procedure required by RCW 26.09.270. *Id.* at ¶¶ 87-88.

**B. Plaintiffs' federal complaint.**

On December 2, 2020, Nicole filed this action, on behalf of herself and her minor children, "under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 1 at ¶ 1. Plaintiff claims that she was denied due process, denied the right to a fair hearing, and defendants violated her fundamental right to raise her children. *Id.* at ¶¶ 2-5.

Plaintiffs name as defendants Nicole's ex-husband (Matthew), *id.* at ¶ 12; Gabrielle Roth and Winston & Cashatt (Matthew's attorneys in the state dissolution action), *id.* at ¶¶ 10-11; and, judicial officers involved in the state court proceedings (superior court commissioners Kevin Stewart, Tammy Chavez, and Jeffrey Adams), *id.* at ¶¶ 13-15. Plaintiffs allege that Roth and Matthew worked together to "prevail over Nicole [], to harass her, to continually make personal statements about her which were wrong, injurious, the cause of suffering and completely disrespected Nicole Albright's relations with her mother, father, sisters, and brothers, and children, two of recent legal age and two of minor age." *Id.* at ¶ 25. Specifically, Plaintiffs take issue with declarations Matthew submitted in support of his petition for legal separation, *id.* at ¶ 27-28, which were allegedly later used in support of a request for Nicole to submit to a CR 35 psychiatric examination, *id.* at 29.

Plaintiffs allege that Matthew conspired with Nicole's family to cause her financial harm and alienation of her children's affections. *Id.* at ¶¶ 30 – 36. Plaintiffs allege that Matthew physically harmed Nicole. *Id.* at ¶¶ 37-42.

Regarding use of the declarations obtained by Matthew from Nicole's family members, Plaintiffs allege that the declarations (1) contained irrelevant "negative ad hominem" directed at Nicole and "positive ad hominem" directed at Matthew, *id.* at ¶¶ 49-52, 56, 70; (2) were not based on the declarant's personal knowledge, *id.* at ¶ 56, 68; (3) did not provide facts justifying compelling Nicole to undergo a psychiatric examination, *id.* at ¶ 57; (4) were signed over a year prior to being used to support Matthew's request for CR 35 examination, *id.* at ¶¶ 63-64.

Plaintiffs allege the following causes of action:
- Count One: Argumentum Ad Hominem, ECF No. 1 at ¶¶ 89-97. This claim appears to allege improprieties associated with the declarations discussed *supra*. *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 3

- Count Two: Custodial Interference, *id.* at ¶¶ 98- 106. This claim alleges that Nicole has been denied custody of her children in violation of state statutes. *Id.*
- Count Three: Intentional Tort – Outrage, *id.* at ¶¶ 107-113. This claim alleges that Defendants intentionally and "arbitrarily violated [Nicole's] rights under the law and the constitutional principles of strict scrutiny," *id.* at ¶ 109, causing Nicole "severe emotional distress," *id.* at ¶ 111.
- Count Four: Civil Conspiracy, *id.* at ¶¶ 114-121. Nicole alleges that Defendants conspired to take her children away from her "in violation of her[] and their[] rights to substantive and procedural due process of law in violation of 42 U.S.C. § 1983." *Id.* at ¶ 118.
- Count Five: Civil Rights 42 U.S.C. § 1983, *id.* at ¶¶ 122-130. This cause of action alleges that "Plaintiffs have been injured as a proximate cause of the violations set forth above of their constitutional rights of fair hearing as outlined in the cases described above and in the previously described Counts One, Two, Three, and Four." *Id.* at ¶ 129.
- Count Six: Civil Rights 42 U.S.C. § 1983 *Liability of Judicial Defendants along with Defendant Roth*, *id.* at ¶¶ 131-137. This cause of action alleges that the "Judicial Defendants" are not immune from this suit and that Matthew and Roth conspired with the judicial defendants "with respect of the commission of the actions making up Counts One, Two, Three, Four and Five above." *Id.* at ¶ 134.

Plaintiffs' request for relief seeks money damages and "other relief that the Court deems just and equitable." *Id.* at pg. 30.

ECF No. 9 at 3–7.

Defendants Gabrielle C. Roth and Winston & Cashatt, PSC now move to dismiss Plaintiffs' Complaint, arguing this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 9 at 9–12. In the alternative, Defendants argue even if the Court had jurisdiction, Plaintiffs' Section 1983 claims

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 4

1    fail to state a claim upon which relief can be granted, should be dismissed, and the
2    Court should decline to exercise supplemental jurisdiction over Plaintiffs'
3    remaining claims sounding in state law. *Id*. at 12–15. Defendants also argue the
4    Court should abstain from hearing this case based on the Supreme Court's ruling in
5    *Younger v. Harris*, 401 U.S. 37 (1971). *Id*. at 15–16. Defendant Matthew Albright
6    moves for joinder and provides some additional points of authority and argument.
7    ECF No. 10.

## LEGAL STANDARD

9    Courts must dismiss a complaint under Federal Rule of Civil Procedure
10   12(b)(1) if, considering the factual allegations in the light most favorable to the
11   plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the
12   United States, or does not fall within one of the other enumerated categories of
13   Article III, Section 2, of the Constitution; (2) is not a case or controversy within the
14   meaning of the Constitution; or (3) is not one described by any jurisdictional statute.
15   *Baker v. Carr*, 369 U.S. 186, 198 (1962). Federal courts are presumed to lack
16   subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v.*
17   *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v.*
18   *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (Plaintiff bears the
19   burden of proving that subject matter jurisdiction exists).
20   A defendant may move to dismiss for lack of subject matter jurisdiction under

Federal Rule of Civil Procedure 12(b)(1) through a facial attack or a factual one. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Here, Defendants facially attack Plaintiffs' complaint under the *Rooker-Feldman* doctrine, among other things. ECF No. 9; *see also Wolfe*, 392 F.3d at 362 (determining a challenge under the *Rooker-Feldman* doctrine constitutes a facial attack). "An argument that the court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1)." *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018).

## DISCUSSION

Defendants first argue this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 9 at 9–12. This Court agrees.

The *Rooker–Feldman* doctrine stems from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine "is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008). Congress vested "the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "The doctrine [therefore] bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 6

appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)).

"To determine whether an action functions as a de facto appeal, [courts] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Cooper*, 704 F.3d at 777–78 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Noel*, 341 F.3d at 1164.

"There are two kinds of cases in which such a forbidden de facto appeal might be brought." *Noel*, 341 F.3d at 1163. "First, the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Id*. "Second, the federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Id*. "*Rooker–Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 7

Only after a district court first determines a case involves a forbidden de facto appeal does the "inextricably intertwined" test articulated in *Feldman* come into play. *Noel*, 341 F.3d at 1158. In *Feldman*, the Supreme Court stated

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

*Bianchi*, 334 F.3d at 898 (alteration in original) (quoting *Feldman*, 460 U.S. at 483 n.16). Accordingly, "[o]nce a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Noel*, 341 F.3d at 1158. A federal district court must then "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*.

This Court agrees with Defendants that "[a] dispute over a marital dissolution falls squarely within the *Rooker-Feldman* bar." ECF No. 9 (citing *Moor v. Cnty. of Butte*, 547 Fed. App'x. 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on *Rooker-Feldman* grounds); *Gomez v. San Diego Family Ct.*, 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state court custody decision on *Rooker-Feldman* grounds); *Sareen v. Sareen*, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 8

alleging constitutional violation in state court child custody action on *Rooker–Feldman* grounds)).

Plaintiffs' action involves a forbidden de facto appeal. Plaintiffs' Complaint centers on state court orders arising out of dissolution and custody proceedings. *See generally* ECF No. 1. Plaintiffs' first cause contends argumentum ad hominem (i.e., "argument against the person") is irrelevant evidence, and the state superior court erred in considering such evidence. ECF No. 1 at 15–17. Plaintiffs challenge the state superior court's order directing Nicole to undergo a psychiatric exam under Washington State Superior Court Civil Rule 35, which governs physical and mental examinations of persons. *See id.* Besides damages, attorney fees, and costs, Plaintiffs seek "further relief as the court may deem just and proper." *Id.* at 17, 30. This Court could, of course, award damages only if it first determined the state superior court erred under controlling state law. But "*Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Bianchi*, 334 F.3d at 901. Because Plaintiffs assert as their injury legal error or errors by the state court *and* seek open-ended relief from the state court judgment, this cause constitutes a de facto appeal.

Plaintiffs next plead custodial interference. They challenge the temporary parenting plan, arguing the superior court erred because its order flouted several

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 9

state statutes. ECF No. 1 at 17–21. Plaintiffs again seek damages, attorney fees, costs, and "further relief as the court may deem just and proper." *Id*. at 21, 30. But because this Court cannot grant the relief Plaintiffs seek without first "undoing" the decision of the state court, the *Rooker–Feldman* doctrine bars this action in federal court. *See Bianchi*, 334 F.3d at 901. In short, this cause constitutes a de facto appeal because Plaintiffs assert that the state superior court erred *and* seek open-ended relief from the state court order.

Plaintiffs' remaining claims of Intentional Tort – Outrage and Civil Conspiracy, as well as their claims under 42 U.S.C. § 1983, all stem from Plaintiffs' allegations that the superior court and named defendants "conspired" to violate Nicole's constitutional rights, including her parental rights. *See* ECF No. 1 at 28. Analysis of Plaintiffs' pleadings reveals that the constitutional and related claims in this federal suit are inextricably intertwined with the state court's denial of relief. "It is immaterial that [Plaintiffs] frame[] [their] federal complaint as a constitutional challenge to the state courts' decisions." *See Bianchi*, 334 F.3d at 901 n.4. "The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Id*.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 10

For these reasons, this Court lacks subject matter jurisdiction and the *Rooker-Feldman* doctrine bars Plaintiffs' suit. As a result, the Court dismisses Plaintiffs' Complaint against all defendants. The Court finds granting Plaintiffs leave to amend would be futile.[1] *See, e.g.*, *Cooper*, 704 F.3d at 783 ("Dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment."). Even so, Plaintiffs are not without recourse and may seek relief in the Washington State Court of Appeals. Because this Court dismisses Plaintiffs' Complaint based on the forgoing analysis, it declines to reach Defendants' alternative arguments that Plaintiffs' Complaint fails to state a claim upon which relief can be granted and that this Court should abstain from hearing this case based on the Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, **IT IS HEREBY ORDERED**:

---

[1] The Court finds Counts One and Two of the Complaint cannot be saved by amendment because they involve forbidden de facto appeals. Counts Three and Four plead state law causes of action, there is no diversity of citizenship, and the Court cannot exercise supplemental jurisdiction for following reason: Although Counts Five and Six plead causes of action under 42 U.S.C. § 1983, the Court agrees with Defendants that none of them were acting under the "color of state law." *See generally* ECF No. at 9–15; ECF No. 10 at 2–3; ECF No. 12 at 2–4. The Court thus concludes no amendment can save Plaintiffs' Complaint.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 11

1. Defendants Gabrielle C. Roth and Winston & Cashatt, PSC's Motion to Dismiss, **ECF No. 9**, and Defendant Matthew Albright's motion for joinder, **ECF No. 10**, are **GRANTED**.

2. All claims are **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorney fees.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 12